IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| FPC FINANCIAL F.S.B., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-03242-CV-S-DGK |
| | ) | |
| DONIPHAN ENERGY, LLC, d/b/a | ) | |
| HOMETOWN ENERGY, and | ) | |
| RONALD O. LITTLES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO STRIKE JURY DEMAND

This lawsuit arises out of a business relationship between the parties. Plaintiff FPC Financial F.S.B. ("FPC") and Defendant Doniphan Energy, LLC d/b/a Hometown Energy ("Doniphan") allegedly entered into a contract wherein FPC agreed to finance the sale of goods or services to Doniphan's retail customers. Additionally, Doniphan's owner, Defendant Ron Little, allegedly signed a separate contract agreeing to guarantee Doniphan's payment obligations.

Now before the Court is Plaintiff's Amended Motion to Strike Defendants' Jury Demand (doc. 33). Plaintiff argues the contracts contain valid jury waiver clauses. Defendants contend the contracts are adhesion contracts and enforcing the waiver clauses would be unreasonable and unfair. Because the waiver clauses are valid, the motion is GRANTED.

### Background

On June 23, 2010, FPC filed its Complaint against both Defendants for breach of contract. B Defendants requested trial by jury.

The purported contracts giving rise to the parties' relationships are the Farm Plan

Application and Merchant Agreement ("Merchant Agreement") made between FPC and Doniphan, and the Farm Plan Continuing Guarantee of Obligation (the "Guarantee") made between FPC and Little. Both documents expressly require the application of Wisconsin law without regard to any choice of law principles, and both contain jury waivers. Paragraph 30 of the Merchant Agreement states: "WAIVER OF TRIAL BY JURY: TO THE MAXIMUM EXTENT PERMITTED BY THE LAWS OF ANY FORUM STATE, THE PARTIES HERETO WAIVE TRIAL BY JURY IN ANY DISPUTE OR PROCEEDING RELATING IN ANY WAY TO THIS AGREEMENT OR ANY RELATED MATTERS." The Guarantee contains virtually identical language in all capital letters. The Merchant Agreement is five pages long; the Guarantee is two pages long. Both documents contain type which is small, but legible. There is no dispute that the documents are properly signed.

**Standard**

State law governs the validity of a jury waiver clause in a diversity action where the contract contains a choice of law provision. *See IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991-92 (7th Cir. 2008) (Easterbrook, J.). The rule of decision concerning the validity of a waiver clause is drawn from the state whose rules will govern the rest of the dispute. *Id.* In the present case both purported contracts states that Wisconsin law will govern any dispute, so the Court looks to Wisconsin law to determine the validity of the jury waiver clause. Under Wisconsin law the parties to a contract may waive their right to a jury trial. *Rao v. WMA Securities, Inc.*, 752 N.W.2d 220, 226 (Wis. 2008). Although there is little reported Wisconsin caselaw on the subject, the Wisconsin Supreme Court has held that a jury waiver need

2

not be a waiver in the strict sense of the word, that is, an intentional relinquishment of a known right. *Id.*

## Discussion

In the present case the waiver language is clear, unambiguous, unmistakable, and conspicuous. There is also no indication that the waiver was not knowing or involuntary for any reason, or that Defendants were not sufficiently sophisticated to be aware of the consequences of the waiver, or to grasp the importance of reading a contract before signing it.

The Court is unmoved by Defendants' argument that the agreements are adhesion contracts. There is no simply no evidence of unequal bargaining power here, nor is there any evidence that Defendants did not have an opportunity to ask for changes in the contract before signing it.

Accordingly, the Court holds the jury waiver provision is valid and enforceable. Plaintiff's Amended Motion to Strike Defendants' Jury Demand (doc. 33) is GRANTED.

**IT IS SO ORDERED.**

Date:  November 7, 2011                 /s/ Greg Kays
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT

3