IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| FPC FINANCIAL F.S.B., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-03242-CV-S-DGK |
| | ) | |
| DONIPHAN ENERGY, LLC, d/b/a | ) | |
| HOMETOWN ENERGY, and | ) | |
| RONALD O. LITTLES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTIONS IN LIMINE

This lawsuit arises out of the parties' business relationship. Plaintiff FPC Financial F.S.B. ("FPC") and Defendant Doniphan Energy, LLC d/b/a Hometown Energy ("Doniphan") allegedly entered into a contract wherein FPC agreed to finance the sale of goods or services to Doniphan's retail customers. Doniphan's owner, Defendant Ron Little, also allegedly signed a separate contract guaranteeing Doniphan's payment obligations. This case is set for a bench trial beginning December 5, 2011.

Now before the Court are Plaintiff's Motion In Limine to Exclude Defendants' Exhibits that Were Not Produced Pursuant to F.R.C.P. 26 Or In Response to Plaintiff's Document Requests (doc. 36), and Plaintiff's Motion In Limine to Exclude Defendant Doniphan Energy, LLC's Testimony, Documents or Other Evidence Relating to Damages Under Defendant's Counterclaim (doc. 37). In the former motion, Plaintiff asks the Court to exclude from trial any documents not previously produced by Defendants but which should have been under Rule 26 or in response to Plaintiff's requests for documents. Defendants oppose the motion, arguing the Court should deny the motion, or alternately exclude Plaintiff's computation for damages,

because neither side has supplemented their initial Rule 26 disclosures, submitted any computation of damages, moved to compel any disclosures, taken depositions, or designated experts, thus neither side can complaint about discovery. Neither party, however, has identified any particular document it expects Defendants will seek to admit.

In the latter motion, Plaintiff asks the Court to preclude Defendants from offering any testimony, documents, or other evidence relating to the amount of damages allegedly suffered by Defendant Hometown Energy under its counterclaim. Plaintiff contends that Hometown Energy failed to comply with Rule 26(a)(1)(A)(iii) by providing "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." In response, Defendant argues that Plaintiff's own Rule 26(a) damage calculation disclosures are deficient; that Hometown Energy served Plaintiff with interrogatories and request for production of documents on April 29, 2011, but Plaintiff did not answer them until August 24, 2011; and that Plaintiff had ample opportunity to raise with the Court any concerns related to discovery earlier but chose not to, thus it cannot claim it will be unfairly surprised.

Hometown Energy's counterclaim alleges it "has been harmed by loss of accounts and frustration of client account information so that damage amounts due [Hometown] are difficult to determine but will be established at trial, including consequential damages resulting." In its Rule 26 disclosures regarding damages computations, Hometown Energy stated, "Invoices, payments,

2

ledgers and statements documenting energy sales are expected as an accounting is requested, the amount in dispute remains to be determined." Plaintiff followed-up on this answer by submitting an interrogatory asking Hometown Energy to "[s]et forth with specificity the amount of damages you claim to have incurred as a result of the allegations in your Counterclaim." Hometown did not respond to this interrogatory, but Plaintiff did not call the Court's attention to the failure to answer until filing the motion in limine on October 18, 2011, despite the fact that Discovery closed on April 29, 2011, and the deadline to file discovery related motions was May 13, 2011.

It is clear from the record that although Defendants have done a particularly poor job of following the deadlines set out in Rule 26 and the Court's scheduling order, Plaintiff has failed to observe some of these deadlines as well, so the Court is reluctant to allow Plaintiff to use the failure to comply with these deadlines as a sword to strike Defendants' claims or defenses. Instead, the Court orders each party to file a properly completed exhibit list and provide the opposing party with a copy of all exhibits listed therein on or before November 14, 2011. Failure to list an exhibit on the exhibit list or provide the opposing party with a copy of the exhibit on or before this date shall result in the exhibit being excluded from trial.

The motions are DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:  November 7, 2011                     /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT